Dear Lieutenant Holcomb:
You have asked this office to advise whether a deputy sheriff working for the Terrebonne Parish Sheriff's Office may at the same time hold elective office as member of the Terrebonne Parish Council.
The provisions of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., govern our response to your question. Therein, La.R.S. 42:63(D) prohibits any "member of any parish governing authority" from holding "any office or employment with any sheriff." The wording of R.S. 42:63(D) clearly prohibits an elected official of a parish governing authority, such as the Terrebonne Parish Council, from holding any position with the sheriff's office, including the position of deputy sheriff. Accordingly, it is the opinion of this office that these positions may not be held at the same time.
We also point out that because Terrebonne Parish is a home rule charter government, La.R.S. 42:66(D) becomes applicable:
 Nothing in this Part shall be construed to prohibited a municipal and/or parochial officer or employee from holding another municipal and/or parochial officer or employment as specifically authorized by a legislative or home rule charter, nor shall it be construed to authorize a municipal and/or parochial officer or employee to hold another municipal an/or parochial office or employment when prohibited by a home rule charter.
R.S. 42:66(D) provides that home rule charter provisions concerning dual officeholding and dual employment are controlling in the event of a conflict with state law regulating dual employment. Home rule charter provisions which *Page 2 
prohibit one from holding two public offices and/or employments control over state law which would not prohibit one from holding both positions. In the alternative, home rule charter provisions which permit one to hold two particular positions control over state law to the contrary.
With regard to council members, the provisions of the Terrebonne Parish charter state "a council member shall hold no other elected office" but are silent relative to whether a council member may hold a position with the sheriff's office. Because the charter provisions do not specifically authorize a council member to hold a position with the sheriff's office, it is the opinion of this office that R.S. 42:63(D) prohibiting such dual employment remains controlling.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg